UNITED STATES DISTRICT COURT
MIDDLE DISTRICT O0F FLORIDA
TAMPA DIVISION

CASE NO.:

KATHY SORIANO,

    Plaintiff,

vs.

TMH CAPITAL MANAGEMENT, LP,

    Defendant.
_____/   INJUNCTIVE RELIEF SOUGHT

C O M P L A I N T

Plaintiff, KATHY SORIANO, by and through the undersigned counsel, hereby sues TMH CAPITAL MANAGEMENT, LP (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

PARTIES

2. Plaintiff is a resident of this judicial district and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and/or limited because of these

disabilities, and will be restricted and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3. Completely independent of Plaintiff's personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of Plaintiff, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation where Plaintiff knows or where it has been reported that illegal barriers to access exist; engages barriers to access that Plaintiff is able to access or has barriers reported, documented and/or photographed; and tests barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits for personal reasons, Plaintiff also intends to revisit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4. In this instance, Plaintiff, individually and for personal reasons, and also as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

5. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6. Defendant transacts business in this judicial district. Defendant is the owner, lessee,

lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as the Clarion Hotel, located at or about 2701 East Fowler Avenue, Tampa, Florida (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the ADA), 42 U.S.C. § 12101, *et seq.*

8. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

    (i) provide a clear and comprehensive national mandate for the elimination of

>   discrimination against individuals with disabilities;
>
> (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

10. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

11. The Facility is a public accommodation and service establishment.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

13. The Facility must be, but is not, in compliance with the ADA and ADAAG.

14. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this

Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16.	Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

17.	Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of Plaintiff's disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

<u>General Sites and Building Elements</u>

1. There is a passenger unloading zone provided for public use without designating an area for disabled use in violation of Section 209 of the 2010 Standards, which remedy is readily achievable.

2. There are parking spaces designated as accessible that are not accompanied by access aisles that do not provide access to the accessible route as required by Section 502.3of the 2010 ADA Standards for Accessible Design, which remedy is readily achievable.

3. There are access aisles that contain slopes greater than 1:48 contrary to the requirements of section 502.4 of the 2010 ADA Standards, which remedy is readily achievable.

Accessible Routes

1. There are areas along the accessible route that have not been maintained in accordance with section 36.211 of the Americans with Disabilities Act, which remedy is readily achievable.

2. There are portions of the accessible route where the cross slope exceeds the maximum allowed in Section 403.3 of the 2010 ADA Standards, which remedy is readily achievable.

3. There is no signage directing or informing persons with disabilities to the accessible route or accessible features of the facility as required in Section 216 of the 2010 ADA Standards for Accessible Design, whose remedy is readily achievable.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

19. Plaintiff has attempted to gain access to the Facility, but because of Plaintiff's disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

20. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

22. Plaintiff has been obligated to retain the undersigned counsel for the filing and

prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

23.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing the discriminatory practices set forth herein, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff reasonable attorney's fees, litigation expenses and costs.

Respectfully submitted,

By:     /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Todd W. Shulby, P.A.
        1792 Bell Tower Lane
        Weston, Florida 33326
        Telephone: (954) 530-2236
        Facsimile: (954) 530-6628
        E-mail: tshulby@shulbylaw.com
        Florida Bar No.: 068365
        Counsel for Plaintiff